Stripling vs. Davis.

## STRIPLING *vs.* DAVIS.

A rule of survey taken out pending an action of ejectment, should be limited to the purpose for which it was intended, namely, to ascertain the *locus* or the true boundaries of the premises in dispute; and it is an excess of power to delegate to the surveyor the authority to *make corners,* and to run and *mark* boundary lines. This is to lay off and admeasure lands and not to re-survey them.

Ejectment, in Tatnall superior court. Before Judge FLEMING, at March Term, 1859.

This was an action of ejectment brought by Samuel Davis against James B. Stripling, for the recovery of one hundred acres of land situated in the county of Tatnall. The declaration described the land as a " certain tract of land lying in said county, containing one hundred acres, being part of a tract of land originally granted to Stephen Bomen, containing four hundred acres, and bounded as follows, viz: North by George McCall, east by vacant land, south by vacant land, and west by old river boun-. ties; said one hundred acres to be admeasured and laid off as follows, viz: Commencing on the back line of said tract and running parallel with the upper line of said tract so as to include the settlement and plantation on which Frederic Dinkins resided on the 13th October,

30

1854, and since occupied by —— up to ——, until said line intersects the front line of said tract bounded by the river bounty lands, then following the line of said bounty lands to a sufficient distance to make up the quantity of one hundred acres, by running a line thence parallel with the upper line till it intersects the back line, then running said line till it intersects said back line, then following said back line to the starting point."

The defendant pleaded the general issue and the statute of limitations.

The plaintiff moved a rule of survey in the following terms :

" It is ordered by the court that the county surveyor does make a survey of the premises in dispute before the next term of this court, and that he give each party ten days notice of the time and place of said survey, the survey to be made as follows : The whole of the tract of — hundred acres, originally granted to Abner Davis for — hundred acres, to be re-surveyed, then a corner to be made on the back line at such a point that a line leaving said back line with a line parallel to the upper line of said tract and extending down the river bounties will pass just outside of the old settlement where Frederic Dinkins formerly lived and afterwards occupied by John Davis, deceased, and afterwards by Maccha Davis, and from said corner run and make said line to the river bounty lands, then following the line of the river bounties to such distance that a line run back again to the back line and parallel with the upper line will make up one hundred acres, and then mark and run said line so as to take in the premises in dispute."

To the granting of this order counsel for defendant objected, on the ground that said premises in dispute had never been surveyed, or any lines run or marked out around said land, and that no re-survey of the same could be made. The court overruled the objection and granted the order, and counsel for defendant excepted.

Stripling vs. Davis.

Wm. B. Gaulden, for plaintiff in error.

Bacon & Levy, contra.

*By the Court.*—Lumpkin, J., delivering the opinion.

Time immemorial has sanctioned the practice of authoring re-surveys of land to be made pending an action of ejectment to try the titles to a particular tract. How the practice originated, it is needless to inquire. It is too well established to be questioned. It subserves the purposes of justice.

We are not aware, however, that it was ever supposed that the power of the court extended further than to order a survey to be executed of the premises in dispute, and to have the lines of contiguous tracts run, if necessary to ascertain the *locus*. And this is all that is necessary for the purposes of proof.

But the rule in this case goes further and directs a specific survey to be made of a parcel of land that has no boundaries, and to make a corner, and to run and *mark two lines*. This is not to re-survey, but to lay off and admeasure land. Believing this to be an innovation, and one not even justified by the exigencies of the case, and one which may be productive of mischief, we are not prepared to endorse it by our judgment. The rule should be restricted as heretofore, to, making a re-survey merely of the premises in dispute; but not extended so as to delegate authority to the surveyor to *make corners* and run and *mark* boundary lines. That must be done, we apprehend, by another and different proceeding.

Judgment reversed.